UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRICIA RIGSBY FRANATOVICH<br><br>VERSUS<br><br>ALLIED TRUST INSURANCE COMPANY | CIVIL ACTION NO. 2:22-cv-2552<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

## COMPLAINT FOR DAMAGES

Plaintiff, TRICIA RIGSBY FRANATOVICH (hereinafter, referred to as "FRANATOVICH"), through undersigned counsel, respectfully submits this Complaint against Defendant, ALLIED TRUST INSURANCE COMPANY (hereinafter, referred to as "ALLIED TRUST"), and makes the following allegations of law and fact:

### PARTIES

1.

Plaintiff, TRICIA RIGSBY FRANATOVICH, is a person of the full age of majority and resident of the State of Louisiana.

2.

Made Defendant herein is ALLIED TRUST INSURANCE COMPANY, a foreign insurance company that, upon information and belief, is incorporated under the laws of Florida with its principal place of business in Tampa, Florida. ALLIED TRUST is authorized to do and doing business in the State of Louisiana. ALLIED TRUST may be served through its registered agent for service in Louisiana: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

3.

This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because FRANATOVICH and ALLIED TRUST are citizens of different states. FRANATOVICH is a citizen of the State of Louisiana. ALLIED TRUST is a citizen of the State of Florida as it is a company incorporated in Florida with its principal place of business in Florida. Moreover, the amount in controversy exceeds $75,000.00.

4.

This Court has personal jurisdiction over ALLIED TRUST because ALLIED TRUST maintains minimum contacts in the State of Louisiana and the causes of action at issue arise out of ALLIED TRUST's contacts in the State of Louisiana. Moreover, ALLIED TRUST is licensed to do and doing business in the State of Louisiana.

5.

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claim(s) stated herein occurred within this district and within the jurisdiction of this Court.

## FACTS

6.

ALLIED TRUST insured FRANATOVICH's property located at 40193 Adams Road, Hammond, LA 70403, hereinafter referred to as **The Property**.

7.

The insurance contract between ALLIED TRUST and FRANATOVICH is contained in Policy Number **809563**, hereinafter referred to as **The Policy**.

8.

FRANATOVICH timely paid all premiums required for **The Policy** to be in full force and effect on the day of the loss in question.

9.

**The Policy** was in full force and effect on August 29, 2021.

10.

**The Policy** required ALLIED TRUST to pay FRANATOVICH the replacement cost of all wind damage caused to **The Property** by Hurricane Ida.

11.

Hurricane Ida and its aftermath caused damage to **The Property**.

12.

Unfortunately, the bad faith handling of their claim has caused FRANATOVICH to file this lawsuit to force ALLIED TRUST to abide by **The Policy** and Louisiana law.

13.

In August 2021, Hurricane Ida entered the Gulf of Mexico and began to intensify. By landfall on August 29, 2021, Hurricane Ida was designated a Category 4 hurricane after completing a process known as "rapid intensification".

14.

Hurricane Ida was a deadly and destructive Category 4 Atlantic hurricane that became the second-most damaging and intense hurricane on record to make landfall in the State of Louisiana.

15.

Hurricane Ida made landfall with sustained winds of 150 mph, gusts up to 172 mph, and a minimum central pressure of 929 millibars.

16.

Widely known publicly available information, namely well-established ratings relied upon by the National Oceanic and Atmospheric Administration's National Hurricane Center, describe the expected damage from a Category 4 Hurricane.

17.

ALLIED TRUST knew well before landfall exactly what type of damage to expect from a storm of this severity:

> Well-built framed homes can sustain severe damage with loss of most of the roof structure and/or some exterior walls. Most trees will be snapped or uprooted and power poles downed. Fallen trees and power poles will isolate residential areas. Power outages will last weeks to possibly months. Most of the area will be uninhabitable for weeks or months. *Saffir-Simpson Hurricane Wind Scale.*

18.

Unfortunately, Hurricane Ida experienced little to no weakening prior to landfall making it the strongest hurricane to affect Southeast Louisiana in recorded history.

19.

Wind damage in the storm's path was catastrophic.

20.

The available data confirmed Hurricane Ida was a catastrophic storm.

21.

ALLIED TRUST was very aware before the storm made landfall that the aftermath of a storm like Hurricane Ida is often devastating.

22.

Hurricane Ida caused significant damage to **The Property**, including its structure and contents.

23.

ALLIED TRUST was timely notified of the loss.

24.

ALLIED TRUST's adjuster inspected **The Property** and estimated the cost to repair the damage to be $109,524.83.

25.

FRANATOVICH submitted proofs of loss totaling $170,693.60 as of February 10, 2022.

26.

To date, ALLIED TRUST has paid only $94,416.21.

27.

This inspection constituted satisfactory proof of loss sufficient to provide ALLIED TRUST with actual knowledge of the scope and extent of the damage to **The Property**.

28.

FRANATOVICH retained independent professionals to determine the scope and cost of damages caused by Hurricane Ida.

29.

**The Property** suffered damage due to high winds. Much of the damage is/was visible from a simple visual inspection.

30.

Additionally, the professional contractors, adjusters, and/or engineers retained by FRANATOVICH determined that following general and specific areas of **The Property** require repair and/or replacement due to wind damage (this is not represented as an exhaustive and all-inclusive list):

   a. Roof(s);

      b.  Porch;

      c.  Shed;

      d.  Wall(s);

      e.  Foyer;

      f.  Living room;

      g.  Kitchen;

      h.  Pantry;

      i.  Bathroom(s);

      j.  Laundry room;

      k.  Dining room;

      l.  Hallway(s);

      m.  Bedroom(s); and

      n.  Closet(s).

31.

Additionally, under Coverage C – Loss of Use, the insurance contract required ALLIED TRUST to pay FRANATOVICH for Additional Living Expenses (ALE) incurred during the period of evacuation and restoration that they would not have incurred in the absence of a covered loss.

32.

ALLIED TRUST arbitrarily and capriciously denied and/or underpaid FRANATOVICH's claim.

33.

ALLIED TRUST has violated Louisiana law, specifically, LSA-R.S. 22:1892 and LSA-R.S. 22:1973 in the following ways:

a. Failed to initiate loss adjustment in a timely and meaningful manner after receiving notice of loss.

b. Failed to make a written offer to settle within 30 days of receiving satisfactory proof of loss.

c. Failed to make payment within 30 days of receiving satisfactory proof of loss.

d. Failed to make payment within 60 days of receiving satisfactory proof of loss.

e. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

34.

As a result of ALLIED TRUST's breach and violation of LSA-R.S. 22:1892 and LSA-R.S. 22:1973, ALLIED TRUST is liable to FRANATOVICH for:

a. All past, present, and future special (economic) damages suffered by FRANATOVICH as a result of ALLIED TRUST's breach.

b. All past, present, and future general (non-economic) damages suffered by FRANATOVICH as a result of ALLIED TRUST's breach, including but not limited to, stress, uncertainty, worry, anxiety, depression, financial distress, mental anguish, frustration, disruption of life, and inconvenience.

c. A penalty of up to two-times the special and general damages suffered by FRANATOVICH as a result of the breach.

d. A penalty of 50% of the amount found to be due at the time of the breach.

e. Attorney fees.

f. Costs.

35.

ALLIED TRUST is liable to FRANATOVICH for:

   a. All cost of repairs and/or replacement of damages to **The Property** due to wind.

   b. Additional Living Expenses.

   c. Court costs.

   d. Legal interest.

   e. Penalties.

   f. Attorney fees.

   g. Additional cost incurred as the result of ALLIED TRUST's bad faith conduct.

FRANATOVICH reserves the right to modify the amount and type of relief sought in the future.

36.

FRANATOVICH requests Trial by Jury.

WHEREFORE, the premises considered, Plaintiff, TRICIA RIGSBY FRANATOVICH prays that:

I. Defendant, ALLIED TRUST INSURANCE COMPANY, be served with a copy of this Complaint and be duly cited to appear and answer same;

II. After due proceedings had, there be judgment herein in favor of Plaintiff, TRICIA RIGSBY FRANATOVICH and against the Defendant, ALLIED TRUST INSURANCE COMPANY for such sums as may be reasonable under the circumstances of this case, together with legal interest thereon from the date of judicial demand, until paid, and all costs of these proceedings; together with penalties and attorneys' fees as provided by law; and

III.  Plaintiff, TRICIA RIGSBY FRANATOVICH, be granted all further and different relief as the facts, law, and equity of this case require.

**RESPECTFULLY SUBMITTED BY**
**BROUSSARD + WILLIAMSON**
*Attorneys for Plaintiff*


 /s/ C. Barrett Rice
**C. BARRETT RICE (30034)**
**JENNIFER A. DAVID (37092)**

**BROUSSARD + WILLIAMSON**

321 Veterans Memorial Boulevard, Suite 205
Metairie, Louisiana 70005
(504) 264-5559 New Orleans Main
(337) 439-2450 Lake Charles Main
(504) 264-5575 Facsimile
barrett@bwtriallawyers.com
jen@bwtriallawyers.com

**PLEASE SERVE:**

ALLIED TRUST INSURANCE COMPANY
*Through Its Registered Agent for Service:*
LOUISIANA SECRETARY OF STATE
8585 Archives Avenue
Baton Rouge, Louisiana 70809