UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRICIA RIGSBY FRANATOVICH | CIVIL ACTION NO. 2:22-cv-02552 |
| | SECTION "I" (4) |
| VERSUS | |
| | JUDGE LANCE M. AFRICK |
| ALLIED TRUST INSURANCE COMPANY | MAGISTRATE JUDGE KAREN WELLS ROBY |

**MEMORANDUM IN SUPPORT OF MOTION TO NULLIFY
AND EXCLUDE APPRAISAL**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, TRICIA RIGSBY FRANATOVICH, who respectfully moves this Honorable Court to nullify and exclude at trial the appraisal entered into on Plaintiff's behalf by a lawyer who did not represent Plaintiff.

**Background**

Tricia Rigsby Franatovich had a homeowners insurance policy with Allied Trust Insurance Company (Defendant) under Policy Number: 80956 in effect at the time Hurricane Ida landed and damaged her property on August 29, 2021. *See* Ex. 1 - Policy.

Following a claim for damage by Plaintiff, Defendant inspected Plaintiff's property on October 1, 2021 and determined that there was $28,085.82 of damage to the home. *See* Ex. 2 - Estimate. After being significantly underpaid by her insurer (*See* Ex. 3 - emails Between Plaintiff and Defendant), Plaintiff retained Daly & Black, P.C. and Broussard + Williamson to represent her. Daly & Black, P.C. sent a letter of representation to Defendant on October 29, 2021. *See* Ex. 4 - Letter of Representation.

On March 29, 2022, Defendant had another inspection performed of Plaintiff's property by S3 Construction and Consulting.  S3 determined that the fair and reasonable cost of repairs was $117,820.30.  *See* Ex. 5 - S3 report.

Unbeknownst to Plaintiff, McClenny Moseley and Associates (MMA) sent a letter of representation to Defendant on May 6, 2022. *See* Ex. 6 - Emails from MMA to Defendant.

On June 28, 2022, Plaintiff signed a law firm election form indicating that she wanted Daly & Black to continue representing her in the instant dispute. *See* Ex. 7 - Election Form.

On July 21, 2022, MMA invoked appraisal in this matter on behalf of Plaintiff, without her consent or knowledge. *See* Ex. 8 MMA - Emails re: Appraisal.

The governing appraisal clause in this case reads:

> **F. Appraisal**
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.
> Each party will:
> **1.** Pay its own appraiser; and
> **2.** Bear the other expenses of the appraisal and umpire equally.

Ex. 1 at 10.

On August 4, 2022, Defendant emailed Daly & Black, P.C. to clarify which law firm was representing Plaintiff.  *See* Ex. 9 at 3 - Emails between Daly & Black and MMA.  Daly & Black,

P.C. emailed MMA to request the following: "Can you please have the attorney that sent this email to the insurer explain that his invocation of appraisal was done in error (and without authority)?" Ex. 9 at 2. Zach Moseley, Partner at MMA, responded the following day: "We're on it…" Ex. 9 at 1.

Broussard + Williamson filed suit on behalf of Plaintiff four days later on August 8, 2022. Rec. Doc. 1.

MMA never informed Defendant that MMA was not representing Plaintiff and that the appraisal agreement should be withdrawn. MMA then filed suit on behalf of the Plaintiff on December 8, 2022, again without authority to do so. *See* Case Number 22-cv-4927 at Rec. Doc. 1.

On November 22, 2022, the appraisal panel inspected Plaintiff's property. On December 14, 2022, the appraisal panel issued their report, and determined that Plaintiff had only suffered $82,294.03 in damages, which was less than Defendant's reinspection by S3 had determined in March of 2022, meaning that Plaintiff would not receive any additional money in this case, despite still having severe storm damage to her home. *See* Ex. 10 - Appraisal Award and Supporting Documentation.

Plaintiff has been prejudiced by an invocation of appraisal that she did not consent to by a law firm that was not representing her. Accordingly, Plaintiff asks this Court to nullify the appraisal agreement and award in this case and exclude evidence of the appraisal at the trial of this case.

**Law and Analysis**

Appraisal clauses…are enforceable under Louisiana law, but they do not deprive a court of jurisdiction over the matter. *St. Charles Parish Hospital Service Dist. No. 1 v. United Fire and*

*Casualty Co.,* 681 F.Supp.2d 748, 753 (E.D.La. Jan.13, 2010). An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.,* 93–0911, p. 5 (La.1/14/94), 630 So.2d 759, 763; *Smith v. Matthews,* 611 So.2d 1377, 1379 (La.1993).

The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. LSA–C.C. art. 2045; *Huggins v. Gerry Lane Enterprises, Inc.,* 06–2816, p. 3 (La.5/22/07), 957 So.2d 127, 129. Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. LSA–C.C. art. 2047; *LeBlanc v. Aysenne,* 05–0297, p. 3 (La.1/19/06), 921 So.2d 85, 89.

Plaintiff notes initially that the appraisal is non-binding. The appraisal clause at issue in this case explicitly states that "(a)ny outcome of the appraisal will not be binding on either party." Ex. 1 at 91. The Western District of Louisiana recently denied motions to confirm appraisal awards in multiple cases involving this defendant based on this same clause in the policy. *See Kuykendall v. Allied Trust Insurance Co.*, 2:21-cv-00614-JDC-KK Rec. Doc. 19 at 4. *Crador v. Allied Trust Insurance Co.*, 21-cv-00924-JDC-KK Rec. Doc. 26. That court also denied the same motion involving the same policy language in *Angerstein v. Am. S. Home Ins. Co.*, No. 2:21-CV-02147, 2022 WL 2975494, at *2 (W.D. La. July 27, 2022).

More troubling, the appraisal was entered into without the plaintiff's consent by an attorney that she did not elect to represent her. The existence of an attorney-client relationship turns not only on continuous contacts involving advice or service, but also on the client's subjective belief that such a relationship exists. *In re Letellier*, 98-2646 (La. 9/8/99), 742 So.2d 544, 547-548. *See also Pearce v. Lagarde*, 2020-1224 (La. App. 1 Cir. 10/7/21), 330 So. 3d 1160, 1168; *and Dwyer*

*v. Binegar*, 2011-1782 (La. App. 4 Cir. 5/23/12), 95 So. 3d 565, 571. Plaintiff in this case never intended to hire MMA to represent her in this dispute and, upon information and belief, has never had direct contact with MMA.  Ex. 11 Letter by Tricia Rigsby Franatovich.

Introduction of a non-consensual appraisal at trial would be irrelevant, misleading, confusing, and most of all, prejudicial. *See* Fed. R. Evid. 401 and 403.

## Conclusion

For the reasons stated above, the Court should order that the appraisal in this matter is nullified and exclude it as evidence at the trial in this matter.

RESPECTFULLY SUBMITTED BY:

**BROUSSARD+WILLIAMSON**
*Attorneys for Plaintiff*


 */s/ Myles D. Ranier*_____
**MYLES D. RANIER (30029)**
**C. BARRETT RICE (30034)**
**JENNIFER A. DAVID (37092)**

BROUSSARD+
WILLIAMSON

321 Veterans Memorial Boulevard, Suite 205
Metairie, Louisiana 70005
(504) 264-5559  New Orleans Main
(337) 439-2450  Lake Charles Main
(504) 264-5575  Facsimile
myles@bwtriallawyers.com
barrett@bwtriallawyers.com
jen@bwtriallawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been duly served on counsel of record by:

| | | | |
|---|---|---|---|
| _____ | U.S. mail, postage pre-paid | _____ | Facsimile |
| _____ | FedEx, pre-paid | _____ | E-mail |
| _____ | Hand delivery | __X__ | Court's CM/ECF system |

on this __16th__ day of _____January_____, 2023.

                                                     */s/ Myles D. Ranier*_____
                                                     **MYLES D. RANIER**